IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                              No C 08-5767 VRW
                                No C 08-5768 VRW
M OlGA SEGOVIA and PATRICIA E
SEGOVIA,                               ORDER
       Debtors
_____

VICTOR SEGOVIA,

       Appellant,

    v

BACH CONSTRUCTION, INC

       Appellee.
_____/

       Appellant Victor Segovia appeals two judgments of the United States Bankruptcy Court entered December 17, 2008 in these related cases.  Doc #1 in C 08-5767 and in C 08-5768, ("Bankruptcy Court Order").[1]  For the reasons stated herein, the bankruptcy court's judgment is AFFIRMED.

\\

---

[1] This case consists of two related cases.  The dockets are identical in most respects but have different docket numbers for some documents.  In such instances, the document is initially cited by its docket number in each of the cases and then referred to by name.

I

Debtors Olga Segovia ("Olga") and her daughters Patricia ("Patricia") and Maria ("Maria") Segovia[2] were parties against Bach Construction Inc ("BCI") in a civil action in state court. In re Maria O Segovia, 387 BR 773, 777 (ND Cal 2008) (in record on appeal, Doc #3 in C 08-5767 & C 08-5768 as Memorandum Decision in Case No 06-30387, Bankr Adv Proc No 06-3180 (Bankr ND Cal, March 20, 2008))(citations hereinafter will be to the published version). They were represented in the state action by appellant, who is also Olga's son and Maria and Patricia's brother. Id at 777-78. The action went to trial and resulted in a jury verdict in favor of BCI. Id at 778. On March 8, 2006, BCI recorded an abstract of judgment in the amount of $526,265. Id.

On May 17, 2006, Olga, Patricia, and Maria each filed for relief under Chapter 7 of the bankruptcy code. In re Maria O Segovia at 778. Thereafter, appellant filed a secured claim for the amount of $820,830 for legal services provided to all three debtors. Id. Appellant had also previously secured a lien on the property held by the debtors for legal fees in the amount of $720,000, recorded on December 16, 2005. Id at 780, n 16. Following the bankruptcy filings, BCI also filed a secured claim against all three debtors seeking recovery for the state court judgment. Id at 778. The chapter 7 trustee then sold the property belonging to the debtors for $2,240,000 free and clear of the liens, including those asserted by BCI and appellant. The trustee

---

[2] Because all of the individual parties in these matters have the same last name, the debtors will be referred to individually by their first names hereinafter.

**2**

1 then filed adversary proceedings against the lien holders in each
2 of the three bankruptcy proceedings, seeking to avoid liens filed
3 pre-petition against the property within the relevant preference
4 period.  Id.

5     BCI filed an answer and cross-complaint against appellant
6 in each of the three hearings, objecting to appellant's proof of
7 claim under section 502(b)(4) and 502(b)(1).  <u>In re Maria O Segovia</u>
8 at 778.  Appellant then answered and filed cross-claims against
9 BCI, also objecting to BCI's proof of claim under 502(b)(1) and
10 502(b)(4).  Id.  At this point, the proceedings in the three
11 bankruptcies diverged.  BCI answered appellant's cross-complaint
12 and filed additional responsive cross-complaints in Maria's
13 bankruptcy case.  Id.

14     The bankruptcy court conducted a three-day trial on
15 appellant's and BCI's cross-claims, resulting in the entry of final
16 judgment on March 20, 2008.  <u>In re Maria O Segovia</u> at 773, 778.  In
17 its judgment, the bankruptcy court disallowed all but $50,000 of
18 appellant's claim for pre-petition attorney fees for his legal
19 services in the state action and found appellant's lien for
20 attorney fees against the debtors' property unenforceable, finding
21 that: "the $726,000 Victor seeks to be grossly disproportionate to
22 the amount realistically at stake in the litigation"; "Victor
23 should have known that the maximum recovery [debtors] were likely
24 to obtain was less than $150,000"; "any substantial recovery was
25 highly questionable"; and "Victor had reason to know that [debtors]
26 might lose and be forced to pay BCI's fees."  Id at 782.  Appellant
27 appealed to the Bankruptcy Appellate Panel, which affirmed the
28 bankruptcy court's judgment on October 22, 2008.  Doc #9 in 08-5767

3

1  and Doc #7 in 08-5768 ("Appellee's Brief") at 8.  Appellant then
2  appealed to the Ninth Circuit, where the matter is currently
3  pending.  Appellee's Brief at 8.

4  BCI did not answer appellant's cross-complaints in Olga's
5  and Patricia's bankruptcy cases until November 17, 2008.  Doc #6 in
6  08-5767 and Doc #5 in 08-5768 ("Appellant's Brief").  Soon
7  thereafter, BCI brought a motion for summary judgment against
8  appellant on the grounds of res judicata or collateral estoppel
9  based on the judgment in Maria's bankruptcy.  Appellee's Brief at
10 9.  On December 3rd, appellant filed a motion for summary judgment
11 against BCI along with a motion for entry of default and motions
12 for entry of default judgment by the clerk or, in the alternative,
13 by the court, against BCI.  Appellant's Brief at 8.

14 On December 17, 2008 the bankruptcy court issued its
15 order on appellant's and BCI's cross-motions with rulings as
16 follows: granting summary judgment for BCI as to the second claim
17 for relief under 11 USC §§ 502(b)(4), noting that the March 20,
18 2008 order resolving the "identical claim * * * is binding upon
19 Segovia in this proceeding"; denying BCI's motion as to the first
20 claim under 11 USC §§ 502(b)(1) noting that the November 16, 2007
21 order in Segovia's favor was "binding upon BCI in this proceeding";
22 granting Segovia's motion to dismiss BCI's third claim for reasons
23 stated in the court's April 6, 2007 order; denying BCI's fourth
24 claim as moot; denying Segovia's cross-motion for summary judgment
25 on grounds that the March 20, 2008 judgment denying's Segovia's
26 "identical cross claims against BCI precludes him from asserting
27 those claims in this proceeding," citing United States v Bhatia,
28 545 F3d 757, 759 (9th Cir 2008); and declining to enter default or

**4**

default judgment against BCI, noting that "BCI's counsel thought he had filed answers to Segovia's cross complaints * * * and, promptly upon learning otherwise, he filed answers in those proceedings" and that the three proceedings had been "functionally consolidated and tried as a single action." In re Patricia E Segovia, No 06-30388, Adv Proc No 07-3001, slip op at 2-3 (Bankr ND Cal, December 17, 2008); also Doc #1A in C 08-5767 and in C 08-5768, at 3 (hereafter, "Order Appealed").

Appellant appealed the two judgments to the district court and the two appeals were related before the undersigned judge. Doc #8 in 08-5767 and Doc #6 in 08-5768. The court has jurisdiction over the appeals pursuant to 28 USC § 158.

The issues that appellant raises on appeal are somewhat difficult to identify precisely based on appellant's brief. Appellant's Brief 5, 8-9. The court assumes that appellant is appealing the rulings adverse to him in the Dec 17, 2008 order to claim that the bankruptcy court: (1) wrongly granted BCI's motion for summary judgment on BCI's cross complaint; and (2) wrongly denied appellant's motions for summary judgment and for entry of default against BCI. Order Appealed at 2.

II

A

A bankruptcy court's conclusions of law are reviewed de novo. In re Pace, 67 F3d 187, 191 (9th Cir 1995). Mixed questions of fact and law are also reviewed de novo. In re Bammer, 131 F3d 788, 792 (9th Cir 1997). Findings of fact are reviewed for clear error. Pace, 67 F3d at 191.

**B**

Appellant challenges the bankruptcy court's ruling granting BCI's motion for summary judgment limiting appellant's claim under 11 USC § 502(b)(4) under the doctrine of res judicata. Appellant's Brief at 5, 12. The bankruptcy court made this ruling consistent with its earlier judgment in Maria's bankruptcy case finding the claims raised in Olga's and Patricia's bankruptcy cases "identical" to the § 502 claims raised in Maria's bankruptcy case and therefore controlled by the rulings in that case. Order Appealed at 2.

The bankruptcy court's determination that its previous judgment in Maria's bankruptcy case was binding on the parties in Olga's and Patricia's bankruptcy cases is a mixed question of law and fact reviewed de novo. In re Bammer, 131 F3d at 792.

In its earlier judgment in Maria's bankruptcy case, the bankruptcy court dismissed appellant's cross-claims to disallow BCI's claim under 11 USC §§ 502(b)(1) and 502(b)(4) on the basis that BCI's claim is based on a final state-court judgment in favor of BCI. In re Maria O Segovia, 387 BR at 779. On appeal, the Bankruptcy Appellate Panel affirmed this determination by the bankruptcy court.

In considering BCI's cross-claim against appellant under section 502(b)(4), the bankruptcy court found that appellant's attorney fees claim was "grossly disproportionate" to the amount realistically at stake in the litigation and, accordingly, reduced the allowed amount of the claim to $50,000 and only as a general unsecured claim. In re Maria O Segovia at 782, 784.

\\

The bankruptcy court conducted a three-day trial on the cross-claims raised by appellant and BCI in Maria's bankruptcy case and resolved them in the bankruptcy court's final judgment on March 2, 2008. The parties in all three actions are the same and the issues raised by the claims identical. The same properties were at issue in all three actions. Doc #3-8 in 08-05768 at 62. Both sides stipulated that the three claims should be consolidated for discovery purposes. Doc #3-4 in 08-05768 at 59-65. BCI's § 502(b)(4) cross-claims raised in the instant cases were identical to the claims raised in Maria's bankruptcy case, both in substance and in the specific language used. See Doc #3-2 in 08-05768 at 7, Doc #3-6 in 08-05768 at 11.

The bankruptcy court properly found that the principle of res judicata barred the claims raised in the concurrent Patricia and Olga bankruptcies and thus dictated a grant of summary judgment for BCI.

C

1

Appellant challenges the bankruptcy court's ruling denying his motion for summary judgment to disallow BCI's claims under §§ 11 USC 502(b)(1) and 502(b)(4). Appellant's Brief at 5.

Just as the doctrine of res judicata dictated a grant of summary judgment on BCI's cross complaint, the doctrine dictated a denial of summary judgment on appellant's cross-complaint. Appellant's § 502(b)(1)(4) claim in Olga's and Patricia's bankruptcy case is identical to his claim in Maria's bankruptcy case. As

\\

discussed in the previous section, the claims, issues, and parties in the three cases are identical.

In fact, appellant himself seems to believe that the doctrine of res judicata should support his own motion for summary judgment, asserting that "BCI's only remaining cause of action * * * [is] identical to the one pled in the Maria Bankruptcy" while claiming, in direct contradiction of the record and the bankruptcy court's ruling, that appellant had prevailed in the lower court. Appellant's Brief at 12.  Irrespective of appellant's assertions, the record demonstrates that the bankruptcy court properly found that the principle of res judicata also dictated the outcome in appellant's motion for summary judgment in the Patricia and Olga bankruptcies.

2

Appellant also appeals the bankruptcy court's decision to decline to enter default or a default judgment against BCI after BCI failed timely to answer appellant's cross-complaints in Olga's and Patricia's bankruptcy proceedings. Appellant's Brief at 9.

On May 7, 2007, appellant filed substantively identical answers and cross-complaints against BCI in all three bankruptcy proceedings. Order Appealed at 3.  BCI filed a timely answer and cross-complaint against appellant in the Maria bankruptcy.  BCI did not answer appellant's cross-complaints in Patricia's and Olga's bankruptcy proceedings until November 18, 2008, after the Bankruptcy Appellate Panel had denied appellant's appeal in Maria's bankruptcy case.  Order Appealed at 3.

\\

Soon thereafter, appellant moved for entry of default by the clerk or, alternatively, by the court against BCI for failing to answer the allegations in the cross complaint within twenty days of service, as required by Federal Rule of Bankruptcy Procedure 7012. The bankruptcy court declined to enter default against BCI, finding that BCI did not fail "otherwise [to] defend" appellant's cross complaint. Order Appealed at 3.

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgment, specifically providing that the clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Because BCI had appeared in both Olga's and Patricia's bankruptcy actions, entry of default under subsection (a) or default judgment under subsection (b) by the clerk would have been improper, as BCI had by that time filed an answer and moved for summary judgment. Order Appealed at 3; Appellee's Brief at 10.

The bankruptcy court based its ruling on the finding that the allegations in appellant's cross-complaints in the three proceedings were identical and "functionally consolidated and tried as a single action" in Maria's bankruptcy case, which BCI had litigated fully. Order Appealed at 3. Further, the court noted that BCI's counsel had filed an answer promptly after discovering his error and before appellant had filed a request for entry of default with the clerk of the court. Id.

Appellant suffered no prejudice by BCI's failure timely to answer his cross-complaints in Olga's and Patricia's bankruptcies as the issues raised therein were being fully litigated by BCI in Maria's concurrent bankruptcy proceeding. Notably, appellant

9

himself did not request the entry of default in either proceeding until after the Bankruptcy Appellate Panel had denied his appeal. Prior to appellant's cross-complaint, BCI had filed concurrent filings in all three proceedings.  Failure to file identical answers to appellant's cross-complaints in Olga's and Patricia's bankruptcy cases was, at worst, excusable neglect.

The bankruptcy court did not err when it declined to enter default against BCI nor did the bankruptcy court abuse its discretion when it denied appellant's request for entry of default judgment against BCI.

### III

For the foregoing reasons, the court finds no merit in appellant's contentions on appeal.  Accordingly, the judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge